(Reap. Dec. 9701)

NEW YORK MERCHANDISE CO., INC. v. UNITED STATES

Entry No. 2733, etc.

(Decided May 10, 1960)

Siegel, Mandell & Davidson for the plaintiff.
George Cochran Doub, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the respective parties:

IT IS STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, that the export value on or about

the dates of exportation to the United States of the merchandise covered by the Minami Sangyo Co. Ltd. or Nanri Trading Co. Ltd. invoices embraced by the Appeals to Reappraisement enumerated above at which time such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported in the usual wholesale quantity and in the ordinary course of trade for export to the United States including cost of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise ready for shipment to the United States was, as defined in Section 402(d) of the Tariff Act of 1930, the f.o.b. invoice prices exclusive of buying commission as stated on the invoices herein.

IT IS FURTHER STIPULATED AND AGREED that the Appeals to Reappraisement enumerated above are limited to Minami Sangoyo [sic] Co. Ltd. or Nanri Trading Co. Ltd. invoices and abandoned in all other respects.

IT IS FURTHER STIPULATED AND AGREED that there was no higher foreign value for merchandise such or similar to the merchandise herein at the time of exportation thereof.

IT IS FURTHER STIPULATED AND AGREED that the appeals to reappraisement enumerated above may be submitted on the foregoing stipulation.

On the agreed facts, I find and hold the export value, as that value is defined in section 402(d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the involved merchandise, and that such values were the f.o.b. invoice prices, exclusive of buying commission, as stated on the invoices involved herein.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent, the appeals are hereby dismissed.

Judgment will be entered accordingly.